STOCKTON ET AL. *v.* STATE BANK OF RENSSELAER, EXECUTOR, ET AL.

[No. 18,080.   Filed March 5, 1951.]

*Cope J. Hanley,* of Rensselaer, for appellants.

*Emmet M. LaRue; Hopkins & Hopkins,* all of Rensselaer, for appellees.

CRUMPACKER, J.—By his last will and testament Charles H. Porter, late of Rensselaer, Indiana, bequeathed to the appellee Elsie May Snow such portion of his "household furniture" as is required to furnish a five-room house and gave her the power to select the same. He also devised to her a lot in Rensselaer together with a small five-room cottage erected thereon. All the rest and residue of his personal property he bequeathed to the appellants. The appellee State Bank of Rensselaer is the executor of said will and as such permitted the appellee Snow to select such of the testator's household furniture, located in a ten-room house in which he made his home, as she desired. In its final report said executor asked credit for the articles so selected by the appellee Snow to which the appellants objected because (1) many of the articles so selected are not "furniture" as the testator used the word in his will, and (2) much of the furniture so selected is not required to furnish the small five-room house which the testator gave to the appellee Snow and which he had in mind when he made such gift of furniture. A trial was had and the court found that all of the articles selected by the appellee Snow should be set off to her except "one 73-piece set of Haviland china dishes; one Firestone home freezer; one Marion 30-gallon electric hot water heater; one Oriental parlor rug and pad, 13 feet by 13 feet; one Oriental parlor throw rug; and one walnut desk." Judgment went accordingly.

The appellants' first objection seems to be based on the concept that the term "household furniture" includes only such articles as one would expect to find in the furniture department of a large store such as chairs, tables, cabinets, secretaries, desks, davenports, sofas, beds, springs, mattresses, dressers, chests, mirrors, etc. They exclude from the

category all such articles as glassware, silver, china, rugs, drapes, bedclothing, linen, kitchen utensils, stoves, etc. This narrow definition does not meet the approval of the great weight of authority on the subject. See Words and Phrases, Vol. 17, p. 848, et seq. In construing the term "all the furniture in the hotel, used in running the same," contained in a lease, the Supreme Court said the word "furniture" means "Whatever must be supplied to a house, a room, or the like, to make it habitable, convenient or agreeable. Goods, vessels, utensils and other appendages necessary or convenient for housekeeping. Whatever is added to the interior of a house or apartment for use or convenience." *Bell's Administratrix* v. *Golding* (1866), 27 Ind. 173, 179.

The appellants say that this broad definition was proper in that case because it is evident the parties intended to lease all the furnishings used in operating the hotel involved. With like reasoning it can be said that, in the present case, the testator intended to give to the appellee Snow whatever was necessary and proper for convenient and comfortable living in a five-room house. We find no evidence in the record indicating that she selected articles outside of this category. She testified that she had chosen a few things that she would not be able to use in the house devised to her by the testator. We presume that they are the articles the court specifically excepted in its order of distribution.

We agree with the appellants that when the testator's will is read and considered as a whole it is apparent he intended to give the appellee Snow a certain five-room house, therein described, to be adequately furnished for living purposes through a selection of furniture from the contents of the large house in which he lived during life. It was not the

testator's intention that she should make a warehouse or storage space out of the house he gave her through the selection of articles unsuitable for use therein or in excess of the quantity reasonably needed for convenience and comfort. Whether or not she did so was a fact for the trial court to determine. The question was resolved in her favor and, as such finding is supported by substantial evidence, it is final.

Judgment affirmed.

NOTE.—Reported in 96 N. E. 2d 910.